IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02609-GPG

CARLOS JESUS DIAZ RIVAS,

Petitioner,

v.

Juan Baltasar, Warden - Aurora Ice Processing Center;
Todd Lyons, Acting Field Office Director - U.S. Immigration and Customs Enforcement;
Markwayne Mullin, Secretary - U.S. Department of Homeland Security; and
Todd Blanche, U.S. Attorney General,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner's Motion for Leave to File Petition under Seal (Motion) (D. 4).

Petitioner Carlos Jesus Diaz Rivas alleges that he is "detained at the GEO Group's ICE Processing Center in Aurora, Colorado" (D. 1 at 4). He asserts that his continued confinement violates his due process rights, reflects deliberate indifference to his serious medical needs, and is under unconstitutional conditions (*id.* at 11–14). Petition seeks to file under seal due to the sensitive medical and personal information in the pleading (D. 4).

The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting

*Reno v. Flores*, 507 U.S. 292, 306 (1993))); *See Barreno v. Baltasar*, No. 25-CV-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). The Court will order a response

Petitioner's counsel is directed to serve Respondents with a copy of the Petition and Motion as well as accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance, and, within fourteen days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted and, after conferring with Plaintiff, file any Response to the Motion. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

DATED June 15, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge