IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02609-GPG

CARLOS JESUS DIAZ RIVAS,

Petitioner,

v.

JUAN BALTASAR, Warden - Aurora Ice Processing Center;
TODD LYONS, Acting Field Office Director - U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary - U.S. Department of Homeland Security; and
TODD BLANCHE, U.S. Attorney General,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner's Motion for Leave to File Petition under Seal (Motion) (D. 4).

Other than the Motion, this case is in part[1] one of numerous garden-variety cases in this District and across the country seeking habeas relief for immigrants detained within the United States but denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226 and/or denied bond without placing the burden on the government to show flight risk and danger to the community. *E.g., Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936 (D.

[1] This Petition also raises issues related to access to medical care and conditions of confinement not addressed by this order that may need to be addressed depending on whether he is released on bond (*see* D. 1 at 12–15)

Colo. Nov. 14, 2025). The Tenth Circuit has now conclusively resolved the interpretation of this statute in favor of Petitioner and suggested the burden lies with the government. *Santillan Quiroz v. Mullin*, --- F.4th ----, No. 26-6019, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026).

Petitioner Carlos Jesus Diaz Rivas alleges that he is "detained at the GEO Group's ICE Processing Center in Aurora, Colorado" (D. 1 at 4). He asserts that his continued confinement violates his due process rights, reflects deliberate indifference to his serious medical needs, and is under unconstitutional conditions (*id.* at 11–14). Petition seeks to file under seal due to the sensitive medical and personal information in the pleading (D. 4).

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))); *See Barreno v. Baltasar*, No. 25-CV-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process).

Without acknowledging binding circuit law, Respondents filed a Response not consenting to the Petition but also not disputing it or any of the factual allegations therein (D. 7). The Court

finds respondents unlawfully detain Petitioner in violation of due process and binding federal law. Respondents do not acknowledge the Motion, and the Court finds it is conceded.

The Motion (D. 4) is GRANTED. The Court finds that the Petition contains sensitive, private, and confidential information concerning Petitioner, including information related to Petitioner's detention, immigration history, personal identifying information, family circumstances, medical and mental health information, law enforcement or detention records, and it could subject Petitioner or third parties to harm, retaliation, harassment, or unwarranted invasion of privacy if publicly disclosed.

The Court further finds that Petitioner has identified a specific and substantial interest that outweighs the presumption of public access to the restricted materials. Public disclosure of the Petition at this stage would create a clearly defined and serious injury to Petitioner's privacy, safety, and litigation interests, as well as the privacy and safety interests of third parties referenced in the filing.

The Court also finds that no practicable alternative to restriction adequately protects these interests. Redaction alone is not sufficient at this time because the sensitive information is interwoven throughout the Petition, and the context of the allegations may reveal confidential information even if names, identifying numbers, or discrete details are redacted. Restriction is narrowly tailored because it applies only to the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and the exhibits/supporting materials submitted therewith and does not foreclose later review of whether a redacted public version should be filed.

It is ORDERED that the Petition shall be restricted Level 1.

Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of receiving notice of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. *See Santillan Quiroz v. Mullin*, 2026 WL 1876709, at *17 n.13. Additionally, Respondents SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner is detained pursuant to § 1225(b). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED July 8, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge