IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02609-GPG

CARLOS JESUS DIAZ RIVAS,

Petitioner,

v.

JUAN BALTAZAR, Warden - Aurora Ice Processing Center;
TODD LYONS, Acting Field Office Director - U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary - U.S. Department of Homeland Security; and
TODD BLANCHE, U.S. Attorney General,

Respondents.

---

**ORDER**

---

Before the Court are Petitioner's Motion to Traverse in Support of Petition for Writ of Habeas Corpus and Response to Status Report (D. 12) and Motion to Traverse in Support of Petition for Writ of Habeas Corpus and Response to Status Report (D. 13). The two filings are identical but only the first filing has attached exhibits. Thus, the Court will cite only the first filing and its attachments.

On July 8, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 8 at 4). On July 15, 2026, Petitioner received a bond hearing in front of Immigration Judge (IJ) Bobbie C. Masters (D. 12-2 at 2–5).

The IJ explained, in part incorrectly, that "DHS bears the burden of proof to demonstrate by clear and convincing evidence that Respondent is a danger to community and a risk of flight"

(D. 12-2 at 3). The IJ found that "DHS bears the burden of proof to demonstrate by clear and convincing evidence that Respondent is a danger to community and a risk of flight" based on Petitioner's DUI arrest (*id*. at 4). The IJ also found that "Respondent's release would present an unacceptable flight risk" primarily based on the limited prospects of his immigration application (*id*.).

Petitioner primarily argues that the government did not meet its burden by clear and convincing evidence (D. 12 at 3–7). He further makes reference to his claims based on medical conditions not addressed in the Court's prior order or the IJ (D. 12 at 8–9).

Petitioner's lead argument boils down to a disagreement with the IJ that the government's evidence related to Petitioner's DUI arrest was sufficient to prove, by clear and convincing evidence, that Petitioner is a danger to community. Petitioner does not substantively address the alternative basis for the IJ's detention decision, namely, that he presents a flight risk. He merely asserts in conclusory fashion that the burden on this issue was not met.

While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C. § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e).

Upon review of the IJ's written decision, the Court does not find there is sufficient evidence of procedural improprieties amounting to a constitutional violation and the Court is without jurisdiction to reweigh the evidence. Accordingly, the pending motions (D. 12; D. 13) are DENIED.

Nonetheless, this Petition also raises issues related to access to medical care and conditions of confinement not addressed by the Court's prior Order (*see* D. 8 at 1 n.1). Respondents were directed to show cause in relation to the issues raised by the Petition (D. 5). Respondents did not address any of the issues related to Plaintiff's medical vulnerability and unconstitutional conditions of confinement (primarily due to deliberate indifference to serious medical needs) or the related claims that ongoing detention violated due process (D. 1 at 8–15). *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 245 (1983) ("In short, the injured detainee's constitutional right is to receive the needed medical treatment").[1] Respondents, although government employees, are not insulated from principles of forfeiture and waiver. *Bradley v. Vill. of Univ. Park, Illinois*, 59 F.4th 887, 895 (7th Cir. 2023); *United States v. De Vaughn*, 694 F.3d 1141, 1155 (10th Cir. 2012) (acknowledging government waiver).

Nonetheless, these are complex factual and legal issues that warrant development. Ultimately the outcome depends not only on Petitioner's medical conditions, which are documented in the Petition, but also the capabilities of the facility, which are explained only to a limited degree. *See Essien v. Barr*, 457 F. Supp. 3d 1008, 1022 (D. Colo. 2020) (granting immediate release to ICE detainee based on immediate health danger presented in ICE's Aurora Contract Detention Facility due to a petitioner's health conditions).

[1] The Court does not describe the asserted facts because the Petition has been sealed (D. 8 at 3).

The Court sets an evidentiary hearing to address these issues on August 5, 2026, at 11:30 a.m. in C202 of Byron Rogers United States Courthouse. Respondents may file a brief of no more than fifteen pages addressing the Petitioners claims on or before 3:00 p.m. on August 4, 2026. Any such brief shall specifically address forfeiture/waiver. Respondents are ORDERED to produce Petitioner at the hearing. 28 U.S.C. § 2243.

DATED July 30, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge