IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02609-GPG

CARLOS JESUS DIAZ RIVAS,

      Petitioner,

v.

JUAN BALTAZAR, Warden - Aurora Ice Processing Center;
TODD LYONS, Acting Field Office Director - U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary - U.S. Department of Homeland Security; and
TODD BLANCHE, Acting U.S. Attorney General,

      Respondents.

---

**ORDER**

---

Before the Court are Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition) (D. 1) and Emergency Motion for Immediate Release (Within 48 Hours) and to Vacate Evidentiary Hearing (Motion) (D. 16). The Government Responded (D. 17). For the reasons stated below, the Court GRANTS the Petition and the Motion and ORDERS Petitioner's IMMEDIATE release.

After Petitioner was denied release at a bond hearing, the Court set an evidentiary hearing to address the remaining issues in the Petition related to whether the facility where Petitioner was housed could provide constitutionally adequate care for his ongoing medical conditions[1] (D. 14). *See Essien v. Barr*, 457 F. Supp. 3d 1008, 1022 (D. Colo. 2020). After the parties conferred, Petitioner filed the instant motion seeking release (D. 16). Respondents filed a brief indicating

---

[1] The Court does not describe the asserted facts because the Petition has been sealed (D. 8 at 3).

that they "will not be filing a response contesting that motion, recognizing that the Court, on that basis, may decide to grant the motion (D. 17 at 1). Respondents request that they be provided 48 hours to release Petitioner (*id*. at 2).

Accordingly, the Petition (D. 1) is GRANTED, and the Motion (D. 16) is GRANTED. Respondents are ORDERED to IMMEDIATELY RELEASE CARLOS JESUS DIAZ RIVAS from custody (within 48 hours) and impose on him no conditions not specifically imposed prior to his detention on December 12, 2025, with the exception that, to the extent imposed by a court regarding his pending DUI, compliance with such conditions may also be imposed as a condition of release by Respondents.[2]     It is FURTHER ORDERED that the hearing in this case set for August 5, 2026, at 11:30 a.m. is VACATED.

DATED August 3, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[2] Petitioner was detained on December 12, 2025. Prior to that date, which this Court takes as also being the date that Petitioner was accused of his pending DUI, it appears that whatever conditions related to Petitioner's continued release in the United States were sufficient, e.g., potential requirements to check-in, provide a current address or contact information, etc. The Court is not aware of these specific conditions but is confident that Respondents can both determine what these conditions were and impose them now. The only thing that changed on December 12, 2025, was a DUI charge in the State of Florida. To the extent that some court in Florida, either state or municipal, imposed conditions on Petitioner, it would be fair game to similarly require that Petitioner comply with those conditions in this circumstance.

2